IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

3 SIGMA CORPORATION,

       Plaintiff,              :         Case No. 3:10-cv-085

      -vs-                                Magistrate Judge Michael R. Merz
                                     :

NUCOAT, INC., et al.,

       Defendants.

**DECISION AND ORDER**

This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 40) of the Decision and Order Granting in Part and Denying in Part Defendants' Motion for a Protective Order (Doc. No. 38). Defendants oppose the requested amendment to the Protective Order (Doc. No. 43) and Plaintiff has filed a Reply in Support (Doc. No. 44).

Although the Court promised a decision by September 10, 2011, the undersigned was excluded from his office on September 10, 2011, on very minimal notice so that the office could be painted.

Plaintiff requests two modifications to the Protective Order:

1. That the Court permit disclosure of information designated "Attorney's Eyes Only" to Dr. Ponnampalam Mathiaparanam; and

2. In place of the requirement for prior Court approval of Plaintiff's experts before they are shown Attorney's Eyes Only information, adopt the alternative procedure suggested by Plaintiff.

Defendants oppose both requested modifications, seek a change in the scheduling of the case to allow summary judgment on their contract claims first, and also seek an interlocutory appeal to the Sixth Circuit under 28 U.S.C. § 1292(b) if the Court allows Ponnampalam Mathiaparanam access to their trade secrets.

1

Defendants cite the law generally disfavoring reconsideration of decisions. "As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). In substantial part, the reason for this principle is that parties ought to be able to plan the course of litigation based on rulings without the disruption of reconsidered rulings. At this point in this litigation, that principle counts against the position taken by both sides.

As to the request to allow Ponnampalam Mathiaparanam to see "Attorneys Eyes Only" information, Plaintiff has not satisfied the Court that such disclosure will not, in itself, work a competitive harm to Defendants. Even though Dr. Mathiaparanam is not presently in direct competition with Defendants nor employed by any firm in direct competition, he is in the business of consulting with respect to this industry. Once he learns the Defendants' trade secret information, there will be no identified barriers to his offering his services to one or more direct competitors.

Plaintiff has the right to obtain expert witness testimony in the case, but not the right to do so by disclosing its opponents trade secrets to someone who will have the immediate potential to use it for competitive harm. Plaintiff has provided no evidence to the Court that Ponnampalam Mathiaparanam is the only person capable of providing the expert testimony that they will need. The Court declines to amend the Protective Order to allow Ponnampalam Mathiaparanam to have access to Defendants' Attorneys' Eyes Only information.

This ruling renders moot the request for certification of an interlocutory appeal. Even if it were not moot, the Court notes that as a practical matter, few such interlocutory appeals are accepted by the Sixth Circuit.

The Court likewise declines to stay expert discovery pending decision on an as-yet unfiled summary judgment motion. The scheduling of the case has been unexpectedly disrupted by the Motion

for Reconsideration and a further stay is unwarranted, at least in the absence of agreement by the parties.

The Court finds Plaintiff's other suggestion for modification of the Protective Order to be well taken. The prohibitory language regarding disclosure to Ponnampalam Mathiaparanam was broadened to include "any other expert chosen by 3 Sigma without prior notice to NuCoat and court approval." (Decision and Order, Doc. No. 38, PageID 627.) That provision, while intended to protect Defendants from disclosure of their trade secrets to other persons who might meet the same description as Ponnampalam Mathiaparanam, is unduly one-sided and complicates procedure in the case unnecessarily. Therefore, the Protective Order is amended by inserting at the end of ¶ 13 the following language:

> Furthermore, before any person identified in paragraphs 9(d) or (e) or 10(b) above is given access to Litigation Material designated as Attorney's Eyes Only, the party that desires to disclose the information to its expert must identify the expert in writing to the adverse party that produced the Attorney's Eyes Only information seven days before the information is disclosed. The adverse party may object to the disclosure in writing within seven days after it receives notice of the intended disclosure. If the adverse party does not object within seven days after receipt of the notice, the disclosure may proceed. If the adverse party timely objects, the parties shall engage in good faith negotiations to resolve the expert disclosure dispute for a period not to exceed an additional seven days after receipt of the written objection. If the parties do not resolve the expert disclosure dispute within the additional seven day time frame, the proponent of disclosure may move the Court to determine the issue. If the adverse party timely objects and the parties are not able to resolve the dispute, disclosure shall not occur until the Court has considered the issue and made a determination.

September 12, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge